■ CAROLE WEINSTEIN, Appellant, v WB/STELLAR IP OWNER, LLC, Respondent, and FRIENDS OF GREENWICH STREET, INC., Appellant. [4 NYS3d 182]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about November 6, 2013, which granted plaintiff and defendant Friends of Greenwich Street, Inc. (Friends) leave to reargue, and effectively denied Friends leave to renew, and, upon reargument, adhered to its prior order, entered July 3, 2013, granting defendant WB/Stellar IP Owner, LLC (Stellar)'s motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, Friends' motion for leave to renew granted, and upon renewal, Stellar's motion for summary judgment denied as premature without prejudice to renew following discovery. Appeals from order, same court and Justice, entered July 3, 2013, unanimously dismissed, without costs, as academic.

In this trip and fall case, plaintiff alleges that she fell on a public sidewalk abutting a building owned by defendant Stellar. Before any discovery, Stellar moved for summary judgment, arguing that it was not responsible for maintaining the portion of the sidewalk where the accident occurred, because the City had assumed responsibility for it. Stellar's property manager explained that the sidewalk was extended beyond its original width in 2000 as part of the Greenwich Street Improvement Project undertaken by the New York City Economic Development Corporation (EDC). Stellar relied on an unsworn letter sent to its predecessor in 2000 by an EDC project

manager, who stated that, after the project was completed, maintenance requirements would remain the same as they had been, meaning that the owner of the abutting building would remain responsible only to the limits of the existing sidewalk. Plaintiff opposed the motion on the ground that it was premature since "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]). The motion court granted Stellar's motion, finding that there was no dispute as to where plaintiff fell, and that Stellar had established that the City had assumed responsibility for that area.

Plaintiff moved to reargue, noting that the court had not taken into account that Stellar had a nondelegable duty to maintain the sidewalk under Administrative Code of City of NY § 7-210, enacted in 2003. Defendant Friends, which had not been a party to the action when Stellar made its original motion, also moved to reargue and to renew, submitting a letter written to it in 2006 by a commissioner of the New York City Department of Transportation, which stated that, in the absence of a maintenance agreement providing otherwise, maintenance of the sidewalk at issue is the responsibility of the adjacent property owner.

In light of the legal and factual issues raised on reargument and renewal, Stellar's motion should have been denied as premature, since plaintiff had no opportunity to depose Stellar, codefendant Friends, or nonparty EDC concerning, among other things, the project and maintenance of the extended sidewalk area following its completion (CPLR 3212 [f]; *Brooks v Somerset Surgical Assoc.*, 106 AD3d 624, 624-625 [1st Dept 2013]). Concur—Friedman, J.P., Andrias, Moskowitz, DeGrasse and Richter, JJ.